FILED
AUG 31 2011
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 1:11cr248 |
| ) | |
| MENELIK ZELEKE ) | |

## MEMORANDUM OPINION

At issue in this prosecution for use of a false social security number in violation of 42 U.S.C. § 408(a)(7)(B), and use of a fraudulently obtained passport in violation of 18 U.S.C. § 1542, is the government's motion for a pretrial ruling concerning the admissibility of evidence that defendant has used false names and false social security numbers on multiple prior occasions. The government contends that the proffered evidence is either (i) intrinsic to the charged conduct or (ii) admissible pursuant to Rule 404(b), Fed. R. Evid. as proof of defendant's intent, plan or absence of mistake or accident. Following briefing and oral argument, the government's motion in limine was granted in part and deferred until trial in part. *See United States v. Zeleke*, 1:11cr248 (E.D. Va. Aug. 12, 2011) (Order). Recorded here are the reasons underlying the pretrial ruling.

I.

A brief summary of the charged conduct is necessary to provide context to the government's motion. Thus, in Counts One and Two of a superseding indictment, defendant is charged with two instances of using a false social security number with the intent to deceive, in violation of 42 U.S.C. § 408(a)(7)(B). Count One, in particular, charges that on March 23, 2007, defendant falsely represented his social security number on a residential rental application submitted in Alexandria, Virginia. The social security number allegedly used by defendant on

that occasion was xxx-xx-5011, which, in fact, is the social security number assigned by the Commissioner of Social Security to one of defendant's minor children. Count Two, in turn, charges that on April 3, 2009, defendant falsely represented his social security number in a currency transaction report submitted at Wachovia Bank in Alexandria, Virginia. The social security number allegedly used by defendant on this second occasion was xxx-xx-8658, which belongs to another of defendant's minor children. Finally, in Count Three, defendant is charged with using a fraudulent passport at Dulles International Airport on April 17, 2010, in the course of reentering this country from overseas, in violation of 18 U.S.C. § 1542. Count Three further charges that defendant secured this fraudulent passport by falsely representing his social security number to be xxx-xx-3808, which, in fact, is a second social security number that defendant had previously procured for himself from the Commissioner of Social Security by fraudulent means.

In the course of the pretrial proceedings, the government filed a motion in limine seeking authorization to introduce in its case-in-chief at trial evidence that on eight occasions between 2006 and 2009, defendant obtained and attempted to obtain cable services from a local cable company, Cox Communications, using various false names and false social security numbers. In this regard, the government contends that in approximately July 2009, David Curtis, a Cox Communications investigator, was alerted to a suspicious request for cable services originating from an address that had previously been delinquent in payment for services. Following an investigation, Curtis was ultimately able to link eight separate requests for cable services to the same individual, later determined to be defendant, by comparing certain common identifying information associated with each account, including (i) the street address linked to the account, (ii) the bank account linked to the account, (iii) the name and/or social security number used to open the account, (iv) the email address linked to the account, (v) the internet log-in name

assigned to the account, (vi) the pin number for the account, and (vii) various common telephone numbers, including international telephone numbers, called from each account. The pertinent account information compiled by Curtis in the course of his investigation is summarized in the following chart:

| Prior Account | Name on Account | Address on Account | Account Time Period | Social Security Number on Account | Other Account Information |
|---|---|---|---|---|---|
| 1 | Elijah Ayele | xxxx Lincoln Avenue | July 2009 (request for service not honored) | xxx-xx-2137 (variation of defendant's true social security number) | Phone number xxx-xxx-4879<br><br>Pin number 1223<br><br>Email address zelekem@[variation of "black diamond co"] |
| 2 | Manlaka Zeleka | xxxx Lincoln Avenue | June 2008 to December 2008 | None | Phone number xxx-xxx-4789<br><br>Calls to same telephone numbers, including Ethiopia number xxx-xxx-5088 |
| 3 | Menalak Zeleka | xxxx Lincoln Avenue | June 2008 (request for service not honored) | xxx-xx-3805 (variation of social security number used in Count 3) | Phone number xxx-xxx-4879 |
| 4 | Jimmy H Spellman | xxxx Lincoln Avenue | September 2007 to June 2008 | xxx-xx-2132 (variation of defendant's true social security number) | Log-in name "zelekem"<br><br>Services paid for by accounts in the names "Menelik Zeleke," "Black Diamond Comm., Inc." and a variation of defendant's minor son Y.Z.'s name<br><br>Calls to same telephone numbers, including Ethiopia number xxx-xxx-5088 |
| 5 | Jim Spellman | xxxx Caryn Court, Apt. xxx | July 2007 to October 2007 | None | |
| 6 | Menelik Zeleke | xxxx Caryn Court, Apt. xxx | March 2007 to July 2007 | None | Pin number 1223 |
| 7 | Y.Z. (a variation of defendant's minor son's name) | xxxx Kirkfield Road | November 2006 to March 2007 | xxx-xx-8658 (defendant's minor son's social security number, same number used in Count 2) | Pin number 1223 |
| 8 | Mariano Rodriguez | xxxx Fenestra Court | August 2005 to September 2006 | | Log-in names include "zelekem"<br><br>Pin number 1232 |

In the course of his investigation, Curtis also confronted defendant personally at defendant's current residence on Lincoln Avenue in Alexandria, Virginia, at which time defendant falsely identified himself as Elijah Ayele, the name associated with the most recent Cox Communications account for that address.

The government filed a pretrial motion requesting permission to introduce in its case-in-chief evidence of defendant's prior acts involving Cox Communications, specifically by way of Curtis's testimony, as well as through the introduction of various business records maintained by Cox Communications in the ordinary course of business. In support of its request, the government argues that evidence of defendant's prior use of false names and/or false social security numbers in connection with the eight Cox Communications accounts is admissible as evidence that is either (i) intrinsic to the charged conduct, or alternatively, (ii) proof of defendant's intent, plan, knowledge or absence of mistake in connection with the charged offenses, pursuant to Rule 404(b), Fed. R. Evid. Both arguments are addressed here.

## II.

Rule 404(b) of the Federal Rules of Evidence provides, in pertinent part, that

> [e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . .

Rule 404(b), Fed. R. Evid. It is well-settled that Rule 404(b) is "an inclusive rule, admitting all evidence of other crimes or acts except that which tends to prove only criminal disposition." *United States v. Young*, 248 F.3d 260, 271-72 (4th Cir. 2001) (internal quotation marks omitted). In the Fourth Circuit, evidence of prior acts must meet four requirements to be admissible under

Rule 404(b), namely the evidence must be (i) relevant to an issue other than character,[1] (ii) necessary or probative of an essential claim or an element of the crime charged, (iii) reliable, and (iv) admissible under Rule 403, Fed. R. Evid.[2] *United States v. Queen*, 132 F.3d 991, 995, 997 (4th Cir. 1997).

Of course, the four-prong *Queen* inquiry applies only to evidence of other acts that are "extrinsic to the one charged," as Rule 404(b) does not limit the admission of evidence of other conduct that is actually intrinsic to the charged offenses. *United States v. Chin*, 83 F.3d 83, 87 (4th Cir. 1996). In this regard, other acts are intrinsic "when they are inextricably intertwined or both acts are part of a single criminal episode or the other acts were necessary preliminaries to the crime charged." *Id.* at 88 (4th Cir. 1996) (citation and internal quotation marks omitted). Put differently, "[e]vidence of uncharged conduct is not other crimes evidence subject to Rule 404 if the uncharged conduct arose out of the same series of transactions as the charged offense, or if [evidence of the uncharged conduct] is necessary to complete the story of the crime on trial." *United States v. Siegel*, 536 F.3d 306, 316 (4th Cir. 2008) (citations omitted and internal quotation marks omitted).

These principles, applied here, point persuasively to the conclusion that none of the prior act evidence at issue is properly classified as intrinsic to the charged offenses. In no way are the prior acts involving Cox Communications "inextricably intertwined" with the offenses charged

---

[1] "Relevant evidence" is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Rule 401, Fed. R. Evid.

[2] Rule 403 provides that relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Rule 403, Fed. R. Evid.

in the superseding indictment; nor are the prior acts "necessary preliminaries to the crime[s] charged." *Chin*, 83 F.3d at 88. Moreover, the government's argument that the charged conduct and the prior conduct "are part of a single criminal episode" or "the same series of transactions" is wholly unpersuasive given that defendant is charged here with three discrete acts of fraudulent behavior, not, as the government argues, a "more general scheme to obscure his identity." Gov't Mot. (Doc. 32) at 3; *Chin*, 83 F.3d at 88; *Siegel*, 536 F.3d at 316. The admissibility of the government's proffered evidence is therefore dependent upon *Queen*'s four-prong inquiry.

With respect to the first prong of the Rule 404(b) analysis — relevancy — it is well-settled that "any evidence which tends to make the existence of a fact or consequence to an issue in the case 'more probable or less probable' than without the evidence is relevant and therefore, as a general proposition, admissible." *Queen*, 132 F.3d at 994 (citing Rules 401, 402, Fed. R. Evid.). In particular, in the context of prior-act evidence, it is clear that "the more similar the prior act is (in terms of physical similarity or mental state) to the act being proved, the more relevant it becomes." *Id.* at 997. Here, evidence that defendant provided another business entity with false identifying information, including, *inter alia*, a false social security number, on occasions other than those charged in the superseding indictment is clearly relevant to the charged conduct. Indeed, such evidence is highly probative of the intent element the government is required to prove as to each of the charged offenses. *See* 42 U.S.C. § 408(a)(7)(B) (requiring that a defendant have the "intent to deceive"); 18 U.S.C. § 1542 (requiring that a defendant act "willfully and knowingly"). For example, assuming for purposes of this analysis that defendant is the actor involved in the proffered Cox Communications conduct,[3] the fact that defendant used

---

[3] In the Rule 404(b) context, "similar act evidence is relevant only if the jury can reasonably conclude that the act occurred *and that the defendant was the actor*." *Huddleston v. United States*, 485 U.S. 681, 689 (1988) (emphasis added). Specifically, "[t]here must be proof such

a false social security number and other false identifying information on those occasions makes it less probable that defendant's use of a false social security number and use of a fraudulent passport on the occasions charged in the superseding indictment was for an innocent purpose. Put differently, the proffered Cox Communications evidence is relevant in this instance to prove defendant's "intent, . . . plan, knowledge, . . . or absence of mistake or accident," which, of course, are all permissible uses of prior act evidence specifically referenced in the text of Rule 404(b).

The next step in the Rule 404(b) analysis is to consider whether the proffered evidence is necessary. Evidence is necessary where, considered in "light of other evidence available to the government . . . it is an 'essential part of the crimes on trial, or where it furnishes part of the context of the crime." *Queen*, 132 F.3d 991, 998 (citing *Mark*, 943 F.2d at 448). Application of this standard to the circumstances presented here makes clear that presentation to the jury of at least some of the proffered information is "necessary" to the government's case. This is so given that the arguments and defenses presented at trial will likely focus largely on the intent element of the charged offenses. And, without any direct evidence of defendant's intent — which is rare in these types of cases — it will be necessary for the government to rely in some measure on

---

that a reasonable juror could find that the defendant committed the prior act by a preponderance of the evidence." *United States v. Kenny*, 973 F.2d 339, 344 (4th Cir. 1992) (citing *Huddleston*, 485 U.S. 681). Rule 104(b), Fed. R. Evid. provides that where, as here, "the relevancy of evidence depends upon the fulfillment of a condition of fact, the court shall admit it upon, or subject to, the introduction of evidence sufficient to support a finding of fulfillment of the condition." Rule 104(b), Fed. R. Evid. And importantly, in determining whether the government has introduced sufficient evidence to meet the Rule 104(b) standard, a trial court "neither weighs credibility nor makes a finding that the Government has proved the conditional fact by a preponderance of the evidence . . . [but] simply examines all the evidence in the case and decides whether the jury could reasonably find the conditional fact . . . by a preponderance of the evidence." *Huddleston*, 485 U.S. at 691. Here, the government has adduced and forecasted ample evidence to show that "defendant was the actor" involved in the proffered similar acts. *Id.* at 689.

[7]

defendant's prior similar acts in arguing that defendant had the requisite intent to deceive in this case, and that he did not instead act by mistake, accident or for some other innocent purpose. *Queen*, 132 F.3d 991, 998 (citing *Mark*, 943 F.2d at 448) (stating that "[b]ecause the government's case for intent rested solely on the testimony of Isaacs and one other witness, the similar prior-act evidence was important in making the case that Queen possessed the requisite intent to tamper with witnesses . . . [and] [t]he evidence was, therefore, 'necessary'"). The second *Queen* factor, necessity, is accordingly met in this case.

The third factor in the *Queen* analysis is reliability. The Fourth Circuit has adopted a remarkably broad standard in this regard, stating that "[e]vidence is reliable for purposes of Rule 404(b) 'unless it is so preposterous that it could not be believed by a rational and properly instructed juror.'" *United States v. Siegel*, 536 F.3d 306, 319 (4th Cir. 2008) (quoting *United States v. Aramony*, 88 F.3d 1369, 1377 (4th Cir. 1996)). Here, of course, the government's proffered evidence is far from preposterous and easily satisfies *Queen*'s broad reliability standard; indeed, the proffered evidence is reliable in the ordinary sense of the word in that it is worthy of belief if the jury finds Curtis to be a credible witness.

The fourth and final step in the Rule 404(b) analysis involves application of a standard Rule 403 balancing test. In this regard, Rule 403 makes clear that even relevant evidence is properly excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Rule 403, Fed. R. Evid. The Fourth Circuit has recognized that Rule 403 prejudice typically refers to evidence that has an "undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *Queen*, 132 F.3d at 994 (citing *United States v. Powers*, 59 F.3d 1460, 1467 (4th

Cir. 1995) (concluding that prejudice is shown only where the evidence will unduly excite the emotions of the jury and thereby cause it to act irrationally)).

In this instance, evidence of defendant's prior use of a false social security number and other false identifying information is undoubtedly prejudicial to his case. Yet, it is "only prejudicial because it [i]s so highly probative." *Queen*, 132 F.3d at 998. Nonetheless, given the extent of the proffered prior act evidence, it is necessary to limit the government's presentation of such evidence so as to avoid having evidence concerning defendant's prior conduct consume the lion's share of the trial and thereby confuse the issues before the jury. Put colloquially, it is important to avoid having the Rule 404(b) evidence be the "tail" that wags the "dog" of the offenses for which defendant is currently on trial.

Here, the most relevant prior acts are those identified as Cox Communications Accounts 1, 3, 4 and 7 in the above chart. Indeed, Accounts 1, 3 and 4 are all associated with defendant's current address on Lincoln Avenue and all three involve defendant's use of a false name and more importantly, a false social security number. The name associated with Account 1 — Elijah Ayele — is also the name by which defendant identified himself when he was confronted personally by the Cox Communications investigator, Curtis, at defendant's Lincoln Avenue residence. Account 7, in turn, involves defendant's use of the precise false social security number charged in Count Two of the superseding indictment. And, importantly, allowing the government to introduce testimonial and documentary evidence at trial pertaining to Accounts 1, 3, 4 and 7 will not create "a genuine risk that the emotions of the jury will be excited to irrational behavior." *Powers*, 59 F.3d at 1467 (citation and internal quotation marks omitted).

Unlike Accounts 1, 3, 4 and 7, the four remaining Cox Communications accounts do not involve an associated social security number, let alone a false social security number. Evidence

pertaining to those particular accounts is therefore somewhat less relevant to the precise conduct at issue here. And, importantly, permitting the government to introduce additional evidence of these four less-relevant prior acts in the course of its case-in-chief would only serve to confuse the issues before the jury, amount to the "needless presentation of cumulative evidence," and run the risk of allowing the Rule 404(b) evidence to be the "tail" that wags the "dog" in this case. Rule 403, Fed. R. Evid.

### III.

In conclusion, the government's proffered prior act evidence, although not intrinsic to the charged offenses, is nonetheless relevant, necessary and reliable Rule 404(b) evidence and allowing the government to introduce evidence in its case-in-chief pertaining to the four most relevant prior acts strikes an appropriate balance under Rule 403, Fed. R. Evid.

An appropriate Order has already issued.

Alexandria, VA
August 31, 2011

/s/
_____
T. S. Ellis, III
United States District Judge